Entered: May 22nd, 2024
Signed: May 21st, 2024

**SO ORDERED**



NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

In Re:   Mea Hsiaotzu Chang

Case No. 23-17878
Chapter 13

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Community Development Administration of the Department of Housing and Community Development for the State of Maryland, Movant

vs.

Mea Hsiaotzu Chang
aka Mea Chang, Debtor

Respondent(s)

### AGREED ORDER AND STIPULATION MODIFYING AUTOMATIC STAY

The Movant, The Community Development Administration of the Department of Housing and Community Development for the State of Maryland, Movant by its attorney, Matthew Baron, Esq., and the Debtors, Mea Hsiaotzu Chang by their attorney, Jeffrey M. Sirody, do hereby consent to the following:

1.   The Automatic Stay of 11 U.S.C. §362 and 11 U.S.C. §1301 (if applicable) are hereby terminated.  Movant agrees to forbear provided Debtor(s) comply(ies) with the terms of this Order.

2.   The Debtor(s) shall cure the post-petition arrears due of approximately $7,682.62, which include: six (6) payment(s) in the amount of $1,072.27, representing December 2023 through May 2024; and attorney fees and costs in the amount of $1,249.00.  The Debtor(s) will make four (4) "additional" monthly payments of $1,280.44 commencing in **June2024** through **September 2024** and two (2) "additional" monthly payments of $1,280.43 commencing in **October 2024** through **November 2024** until the arrears are paid in full.  **The "additional" payments must be received by the 15th day of the month.**  Note:  Should the Debtors provide sufficient proof of payments made but not yet credited by Movant, the above arrears will be adjusted accordingly.

3. Commencing, on **June 1, 2024** the Debtor(s) shall resume making the regular monthly payments of $1,072.27, or as adjusted for interest rate or escrow changes and shall continue to be bound by all other provisions in the Note and Deed of Trust. The regular payments are due on the 1st day of the month with a late charge assessed after the 15th.

4. All payments tendered in accordance with this Order should be sent directly to THE COMMUNITY DEVELOPMENT ADMINISTRATION OF THE DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT FOR THE STATE OF MARYLAND, Movant at 1 Corporate Drive, #360, Lake Zurich, IL 60047.

5. Should the Debtor(s) default under Paragraph 2 or 3 herein, or should any payment be returned for insufficient funds, the Movant may file with the court and mail to the Debtor(s) and Debtor(s) attorney a Notice of Default and Notice of Termination of Automatic Stay. Should the Debtor(s) then fail to cure the default including any amounts which have become due between the execution of the Notice and the expiration of the cure period, within ten (10) days from the date of the filing of the Notice, and/or should the Debtor(s) fail to file an opposition to the Default Notice pursuant to Bankruptcy Rule 4001(a)(3), the forbearance shall terminate without further court action and without further court order. Should the Debtor(s) file an Objection, Response or Motion to Strike the Notice of Default, the Debtor(s) shall bear the burden of proof as to the inaccuracy of the Notice. **Any payment(s) tendered to cure a default arising under the provisions of this consent agreement must be in the form of certified or cashier's check or money orders.** Acceptance of a partial payment shall not be deemed to be a waiver of the termination of the forbearance as provided herein. If the Debtor(s) fail to cure the default noted, the Noteholder may proceed to enforce its rights, including but not limited to foreclosure, under the provisions of the Deed of Trust recorded among the land records of Baltimore County, Maryland, at Liber 38593 and folio 306 and which is secured by the property of the Debtor(s) located at **1 Hawk Rise Lane, Owings Mills, Maryland 21117**. The additional stay provided by Bankruptcy Rule 4001(a)(3) is hereby waived.

6. Should there be more than two (2) defaults in payment as provided in this agreement, there shall be no ten day "cure period"; the Movant shall file the Notice of Default with the court and mail copies to the Debtor(s) and Debtor(s') attorney and the forbearance shall be terminated at the filing thereof without any further Court Order. Movant may proceed with collection and/or foreclosure actions immediately.

7. This agreement shall be and become null and void on the termination of this bankruptcy proceeding. Should the Debtor(s) convert to a Chapter 7 proceeding, the forbearance shall be immediately terminated and the repayment provisions herein shall be and become null and void. This agreement shall apply to proceedings for possession of the real property after the foreclosure sale and shall apply to successors and/or assigns of Movant.

8. The Movant and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement and/or loan modification or other loan workout/loss mitigation agreement which does not otherwise require court approval. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement.

SEEN AND APPROVED:

*/s/ Matthew Baron, Esq.*
Matthew Baron, Esq.

Attorney for Movant
Bar No. 30902
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707
301-490-3361
bankruptcymd@mwc-law.com

/s/ Jeffrey M. Sirody
Jeffrey M. Sirody
Attorney for Debtor
1777 Reisterstown Road
Suite 360 E
Baltimore, Maryland 21208
(410) 415-0445
smeyers5@hotmail.com

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on the copy of the consent order submitted to the Court reference the signatures of consenting parties obtained on the original consent order.

               /s/ Matthew Baron, Esq.
               Matthew Baron, Esq.

Copies to:

Mea Hsiaotzu Chang
10421 Stevenson Road, Unit 100
Stevenson, Maryland 21153

Copies were sent electronically thru the CM/ECF system to Jeffrey M. Sirody and Rebecca A. Herr, Chapter 13 Trustee.

**End of Order**